NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA LEA LIZAMA-HERNANDEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-197 <br><br> Agency Nos. <br> A209-840-541 <br> A209-840-542 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:      BENNETT, MILLER, and VANDYKE, Circuit Judges.

Marta Lea Lizama-Hernandez and her minor daughter[1], natives and

citizens of El Salvador, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal as abandoned.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]      The Clerk will amend the docket to add petitioner's daughter Britanny Nallely Romero-Lizama (A209-840-524) as a petitioner in this case, in accordance with the petition for review, filed at Docket Entry No. 1, and the agency decision, filed at Docket Entry No. 8.

jurisdiction under 8 U.S.C. § 1252.  We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The BIA decision rests solely on the ground that petitioners abandoned their appeal, and petitioners do not challenge that conclusion in briefing before this court.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).  This court cannot reach grounds not relied on by the BIA.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Petitioners' claim that the BIA violated due process by failing to provide meaningful review fails because they have not shown error.  *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal continues in effect as to both petitioners until the mandate issues.

**PETITION FOR REVIEW DENIED.**

21-197